**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL C. GRIMMETT,

     Plaintiff,

Hon.

v.                               Magistrate Judge

UAW-GM LEGAL SERVICES PLAN,
CAROL D. BIRNKRANT, RICHELLE C.
HALL, and DONALD F. DACE,

     Defendants.

_____/

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

Defendants UAW-GM Legal Services Plan, Carol D. Birnkrant, Richelle C. Hall, and Donald F. Dace allege as follows:

1.     UAW-GM Legal Services Plan ("Plan"), Donald F. Dace ("Dace"), Carol D. Birnkrant ("Birnkrant") and Richelle C. Hall ("Hall") are defendants in a civil action filed on July 25, 2013, in the Circuit Court for Oakland County, State of Michigan, case no. 13-135274-NM, entitled Michael C. Grimmett v UAW-GM Legal Services Plan, Carol D. Birnkrant, Richelle C. Hall and Donald F. Dace.

2.     Defendants were served with summons and complaint on August 5, 2013; this removal is timely under 28 USC sec. 1446(b).

3.      True and complete copies of all the process and pleadings served on defendants in this action are attached as Exhibit 1, and no further proceedings have been had.

4.      The action is a civil action alleging a breach of fiduciary duty by the defendants, involving the administration of a legal services plan and the provision of legal services, brought by Plan participant and GM employee Michael C. Grimmett.  The Complaint also alleges legal malpractice against Defendants Birnkrant and Hall, based at least in part on the same matters raised as breaches of fiduciary duty, matters that were addressed and decided as benefit questions under Plan administration.

5.      The UAW-GM Legal Services Plan is a collectively bargained employee welfare benefit fund established in a labor agreement between the International Union, United Auto Workers and the General Motors Corporation and is subject to the Taft-Hartley Act, 29 U.S.C. 185.  As a collectively bargained employee welfare benefit fund the Plan is also governed by the Employees' Retirement Income Security Act of 1974 ("ERISA"), for which this court has original jurisdiction under 28 U.S.C. 1331. A copy of the UAW-GM Legal Services Plan Summary Plan Description is attached as Exhibit 2.

6.      This claim arises under ERISA, 29 U.S.C. 1001, et seq. and in particular, 29 U.S.C. 1132(a)1)(B) as a suit seeking an entitlement under the Plan or breach of a fiduciary duty under 11 U.S.C. 1132(a)(3) and also is a suit to enforce the terms of a labor agreement under Section 301 of the Taft-Hartley Act, 29 U.S.C. 185.

7.      Plaintiff's Complaint acknowledges that Defendant Donald F.  Dace "never provided legal representation" to the Plaintiff.   Plaintiff's Complaint does not

allege legal malpractice by Mr. Dace. Rather, Dace and the Plan are sued for breach of fiduciary duty in handling Plaintiff's administrative complaint to the Plan regarding a cost award, which was brought to Mr. Dace as an internal Plan appeal after Plan representation in the underlying matter was completed. Internal appeals of Plan benefits are governed by ERISA and the terms of a labor agreement governed by the Taft-Hartley Act.  See Formal Appeal of Participant and Plaintiff Michael Grimmett to Defendant UAW-GM Legal Services Plan Assistant Director Donald Dace dated September 23, 2011 attached as Exhibit 3. See also Settlement Cover Letter date October 11, 2011 from UAW-GM Legal Services Plan Assistant Director Donald Dace to Plaintiff Michael Grimmett dated October 11, 2011 confirming settlement of all matters arising out of the underlying case including the Plan administrative appeal attached as Exhibit 4.  Also see Waiver and Release of Claims signed by Michael C. Grimmett dated October 12, 2011 attached as Exhibit 5 releasing the Legal Plan from all matters including professional negligence or failure to provide services.

8.     Birnkrant and Hall are also sued for breach of fiduciary duty and malpractice regarding the same issue of costs taxed to Plaintiff in the underlying action, raised administratively by Plaintiff and settled with the Plan by Plaintiff during an administrative Plan appeal.  Plaintiff also sues the Plan, Birnkrant and Hall for the Plan decision not to include a claim of discrimination on the basis of race and/or disability in the underlying litigation, a benefit decision which was made on the basis of the interpretation of Plan coverage by Plan administrators under the terms of the Collective Bargaining Agreement. Plaintiff was informed that the Plan does not handle

discrimination matters and was referred to a private attorney on September 23, 2009.

See Referral Letter to Plaintiff Michael Grimmett dated September 23, 2009 re

discrimination complaint Case No. 2009-234 3653, attached as Exhibit 6. ( electronically

generated)

9.      Further, Plaintiff's Complaint alleges the Plan, Birnkrant and Hall

breached a duty to Plaintiff by failing to request costs be paid to him  by the opposing

party in the underlying litigation regarding the opposing party's counterclaim, on which

Plan attorneys prevailed.  The Plan covered all costs, and under Plan governing

documents, the Plan and not Plaintiff would be entitled to any cost recovery, so this

allegation also directly challenges Plan decisions regarding benefits under the Plan and

the Collective Bargaining Agreement.

10.     Claims against all Defendants in this action arise under and are preempted

by the Employment Retirement and Income Security Act of 1974 (ERISA), 29 USC sec

1001 et seq. and the Taft-Hartley Act, 29 U.S.C. 185 et seq.

Wherefore, Defendants UAW-GM Legal Services Plan, Carol D. Birnkrant,

Richelle C. Hall and Donald F. Dace file this notice to remove this action, now pending

in Oakland County Circuit Court of the State of Michigan, case no. 13-135274-NM, from

that Court to this Court.


Dated: August 29, 2013                    (s) *Matthew J. Mason*
                                          Matthew J. Mason (P29678)
                                          UAW-GM Legal Services Plan
                                          Attorney for Defendants
                                          200 Walker St.
                                          Detroit, MI 48207

mattma@uawlsp.com<br>
313-202-8100

## CERTIFICATE OF SERVICE

Matthew J. Mason hereby certifies that on August 29, 2013, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the ECF system and thereby served parties whose attorneys are entered in the system, and also that I have mailed a copy of said Notice to

Donald L. Payton (P27388)
Kaufman, Payton & Chapa, P.C.
Attorney for Plaintiff
30833 Northwestern Hwy, Ste. 200
Farmington Hills, MI 48334
dlpayton@kaufmanlaw.com

by placing the same with the U.S. Post Office.

August 29, 2013

*(s) Matthew J. Mason*
Matthew J. Mason (P29678)
UAW-GM Legal Services Plan
Attorney for Defendants
200 Walker St.
Detroit, MI 48207
mattma@uawlsp.com
313-202-8100

This case has been designated as an eFiling case. To review a copy of the
Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | SUMMONS AND COMPLAINT | 2013-135274-NM |
| 6TH JUDICIAL CIRCUIT | | JUDGE MCMILLEN |
| COUNTY PROBATE | | |

Court address 1200 North Telegraph Rd., Pontiac, MI 48341

Court telephone no.
248-858-0349

| Plaintiff's name(s), address(es), and telephone no(s). | v | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| MICHAEL C. GRIMMETT | | UAW-GM LEGAL SERVICES PLAN, CAROL D. BIRNKRANT, RICHELLE C. HALL and DONALD F. DACE |

Plaintiff's attorney, bar no., address, and telephone no.

Donald L. Payton (P27388)
Kaufman Payton & Chapa, PC
30833 Northwestern hwy., Suite 200
Farmington Hills, MI 48334 (248) 626-5000

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>JUL 25 2013 | This summons expires<br>OCT 24 2013 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.

This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| City of Farmington Hills | City of Pontiac |
| Place where action arose or business conducted | |
| County of Oakland | |

07/25/13
Date

Signature of attorney/plaintiff DONALD L. PAYTON

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01   (3/08)   **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Received for Filing Oakland County Clerk 2013 JUL 25 PM 03:09

Received for Filing Oakland County Clerk 2013 JUL 25 PM 03:09

| PROOF OF SERVICE | SUMMONS AND COMPLAINT<br>Case No. |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled | Mileage fee<br>$ | Total fee<br>$ | Signature _____ |
|---|---|---|---|---|

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                                              Date

My commission expires: _____   Signature: _____
                                        Date                                   Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

_____ on _____

                        Day, date, time

_____ on behalf of _____ .

Signature

This case has been designated as an eFiling case. To review a copy of the
Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

MICHEAL C. GRIMMETT,

      Plaintiff.

                                      **2013-135274-NM**
                                      **JUDGE MCMILLEN**

-vs-

UAW-GM LEGAL SERVICES PLAN, and
CAROL D. BIRNKRANT, and RICHELLE C.
HALL, and DONALD F. DACE
                Defendant.

DONALD L. PAYTON (P27388)
KAUFMAN, PAYTON & CHAPA, P.C.
Attorney for Plaintiffs
30833 Northwestern Highway, Suite 200
Farmington Hills, MI 48334
248.626.5000/fax 248.626.2843
dlpayton@kaufmanlaw.com

*There is no other pending or resolved*
*civil action arising out of the*
*transaction or occurrence alleged in*
*the Complaint*

DONALD L. PAYTON (P27388)
*Attorney for Plaintiffs*

## PLAINTIFF'S COMPLAINT

NOW COMES the Plaintiff, MICHEAL C. GRIMMETT, by and through his attorneys,

KAUFMAN, PAYTON & CHAPA P.C, by DONALD L. PAYTON, and for his complaint

against Defendants, UAW-GM LEGAL SERVICES PLANS, CAROL D. BIRNKRANT,

RICHELLE C. HALL, and DONALD F. DACE, states as follows:

{K0138308.1}                        1

Received for Filing Oakland County Clerk 2013 JUL 25 PM 03:09

Received for Filing Oakland County Clerk 2013 JUL 25 PM 03:09

1.   Plaintiff, MICHEAL C. GRIMMETT (hereinafter, "GRIMMETT"), is a resident of the City of Farmington Hills, County of Oakland, State of Michigan.

2.   Defendant UAW-GM LEGAL SERVICES PLAN (hereinafter, "THE PLAN") is a legal services provider doing business in the City of Pontiac, County of Oakland, State of Michigan, and has as its employees, Defendants CAROL D. BIRNKRANT (hereinafter, "BIRNKRANT"), RICHELLE C. HALL (hereinafter, "HALL"), and DONALD F. DACE (hereinafter, "DACE").

3.   The incidents giving rise to this Complaint occurred in the City of Pontiac, County of Oakland, State of Michigan.

4.   Venue is proper in this jurisdiction pursuant to MCL § 600.1621.

5.   The amount in controversy exceeds twenty-five thousand dollars ($25,000).

## COMMON ALLEGATIONS

6.   Plaintiff adopts and incorporates by reference paragraphs 1-5 as though fully set forth herein.

7.   On or about May 28, 2010, GRIMMETT, by and through his attorneys BIRNKRANT and HALL[1], filed suit against the Hidden Hills Condominium Association (hereinafter, "Hidden Hills") alleging breach of contract, negligence, and breach of the Michigan Consumer Protection Act.

8.   The basis for GRIMMETT's complaint was property damage sustained after GRIMMETT gave notice to Hidden Hills of a defective sewer in his residence.

9.   However, Hidden Hills failed to correct the issue as required under the Bylaws signed by GRIMMETT and Hidden Hills.

---

[1]  BIRNKRANT and HALL are attorneys which were provided to GRIMMETT through the UAW-GM Legal Services Plan.

{K0138308.1}                    2

Received for Filing Oakland County Clerk 2013 JUL 25 PM 03:09

10.    As a direct result of Hidden Hills' negligence and breach of contract in not fixing the sewage problem, raw sewage and water flooded the basement of GRIMMETT's condominium.

11.    GRIMMETT sustained more than fourteen thousand dollars ($14,000) in property damage when his condominium basement was filled with water and raw sewage on account of Hidden Hills' negligence and breach of contract.

## UNDERLYING CASE

12.    Plaintiff adopts and incorporates by reference paragraphs 1-11 as though fully set forth herein.

13.    GRIMMETT's membership in the UAW, as a result of his employment, provided him legal services pursuant to THE PLAN.

14.    On or about May 28, 2010, GRIMMETT, by and through his attorneys BIRNKRANT and HALL who were appointed to represent his interests, filed suit against Hidden Hills, alleging breach of contract, negligence, and breach of the Michigan Consumer Protection Act.

15.    Hidden Hills filed a counter-claim alleging a breach of contract.

16.    BIRNKRANT and HALL failed to file any response to Hidden Hills' counter-claim, and failed to file any claim of retaliation on behalf of GRIMMETT even after receiving a specific request from GRIMMETT that the same be filed.

17.    The matter was tried, and at trial BIRNKRANT and HALL retained, as GRIMMETT's expert witness, Jeffrey Dixon. Mr. Dixon testified at a previous deposition on behalf of GRIMMETT, and testified that he had no opinion regarding the cause of the sewage backup.

18. At trial, no cause of action was awarded to both parties.

19. Thereafter, Hidden Hills filed a motion for costs seeking, among other amounts, $4,370 in witness fees.

20. On September 22, 2011, GRIMMETT received correspondence from HALL informing him that the response to Hidden Hills' motion for costs was completed.

21. However, on October 6, 2011, HALL again wrote to GRIMMETT this time stating that no basis for objection was found in Hidden Hills' motion for costs.

22. As such, HALL and BIRNKRANT failed to file any response to this motion and also failed to file a similar motion for costs on behalf of GRIMMETT.

23. The court, based on an un-objected to motion, ordered GRIMMETT to pay $4,560 in costs, of which $4,370 was payment for Hidden Hills' witness fee, who billed fourteen (14) hours of preparation time, an amount grossly excessive for a simple negligence action.

24. GRIMMETT was then contacted by DACE, HALL and BIRNKRANT, and without advising him of his options or rights, coerced him into signing a waiver of liability in exchange for THE PLAN paying the $4,560 judgment levied against GRIMMETT.

25. Now, being unrepresented in negotiations with THE PLAN, and having no other option than to sign the waiver, GRIMMETT did so based on the fact that he could not afford to pay the judgment and on coercive efforts from THE PLAN, BIRNKRANT, HALL, and DACE.

## COUNT I – LEGAL MALPRACTICE

{K0138308.1}                                            4

Received for Filing Oakland County Clerk 2013 JUL 25 PM 03:09

26.     Plaintiff adopts and incorporates by reference paragraphs 1-25 as though fully set forth herein.

27.     BIRNKRANT and HALL, acting as GRIMMETT's legal representatives in his case against Hidden Hills, failed to use reasonable skill, care, discretion, and judgment in representing GRIMMETT during the handling of his case, including trial.

28.     BIRNKRANT and HALL, while representing GRIMMETT, did not meet an "average practitioner of law's" standard of care by:

a.      failing to file obvious cross-claims against Hidden Hills for discrimination, for which GRIMMETT specifically requested;

b.      failing to file any defense to Hidden Hills' counter-claim, for which GRIMMETT specifically requested;

c.      using an expert witness at trial, when the expert openly testified at an earlier deposition that he had no opinion whatsoever regarding the case, for which GRIMMETT specifically requested a different expert witness;

d.      failing to file any defense to a clearly erroneous judgment entered against GRIMMETT for Hidden Hills' expert witness' preparation time, in the amount of $4,370 although the response brief was prepared by BIRNKRANT and HALL and was ready to be filed with the court, for which GRIMMETT specifically requested them to do so;

e.      failing to file any response to a judgment of costs with the plan and idea that the oppressive costs would induce GRIMMETT into signing a waiver of liability;

Received for Filing Oakland County Clerk 2013 JUL 25 PM 03:09

f.    using the judgment of costs entered against GRIMMETT in the amount of $4,560 as leverage to coerce GRIMMETT, under extreme duress, into signing a waiver of liability;

g.    not advising GRIMMETT to seek independent legal counsel with regards to the waiver of liability;

h.    failing to file any motion to obtain costs for him in light of his successful verdict against Defendant's ;

i.    placing their own pecuniary and professional interests ahead of GRIMMETT's interest as the client, in coercing him to sign a waiver of liability, and;

j.    failing to remedy a conflict of interest in negotiating a settlement on behalf of THE PLAN with an otherwise un-represented current client.

29.    But for one or more of the aforementioned breaches of duty, GRIMMETT would have been successful in his original claims against Hidden Hills as the Bylaws signed by GRIMMETT specifically required Hidden Hills to fix the sewage problem, and which Hidden Hills had prior notice of the sewage problem.

30.    But for one or more of the aforementioned breaches of duty, GRIMMETT would have been successful in his available claim of racial and disability discrimination and retaliation against Hidden Hills, which claims should have been asserted in response to Hidden Hills' counter-claim as GRIMMETT had merely filed complaints with various housing agencies, an entirely lawful exercise, and which Hidden Hills took retaliatory action in the form of failing to fix his sewage and filing a frivolous counter-claim against GRIMMETT.

{K0138308.1}    6

31.   Further, the unsuccessful result was a foreseeable consequence of BIRNKRANT and HALL's malpractice.

32.   As a result of THE PLAN's, BIRNKRANT's, and HALL's malpractice in failing to replace GRIMMETT's expert witness, failing to oppose Hidden Hills' frivolous counter-claims, failing to file a cross-claim for discrimination and retaliation, by placing THE PLAN's and their own pecuniary and personal interests ahead of their client's interests, and other negligent behavior contained herein, GRIMMETT has suffered irreparable injury including, but not limited to:

   a.   being forced to move out of his condominium within Hidden Hills because the sewage was never fixed;

   b.   being forced to pay out of pockets moving costs as he was forced to move because the sewage was never fixed;

   c.   depreciation in the value of his formerly owned condominium unit within Hidden Hills as the sewage was never fixed;

   d.   being forced to pay out of pocket costs to replace personal items damaged and/or ruined due to Hidden Hills' negligence and breach of contract and which were recoverable damages in GRIMMETT's action against Hidden Hills, but which were not recovered based on THE PLAN's, BIRNKRANT's, and HALL's extreme errors and omissions which clearly fell below an average practitioner of law's standard of care;

   e.   forever losing his right to bring an action against Hidden Hills for breach of contract, negligence, breach of the Michigan Consumer Protection, racial discrimination, and disability discrimination as these issues have

Received for Filing Oakland County Clerk 2013 JUL 25 PM 03:09

now been litigated to conclusion and, with respect to the discrimination claims, were not argued by THE PLAN, BIRNKRANT, or HALL;

f.     being forced to pay $4,370 for the clearly erroneous costs of Hidden Hills' expert witness' preparation time;

g.     mental anguish, humiliation and emotional distress as a result of THE PLAN's, BIRNKRANT's, and HALL's willful, wanton, and malicious actions in coercing and intimidating GRIMMETT to sign a waiver of liability, with the intent and knowledge that by failing to file a response to Hidden Hills motion for costs, the oppressive costs taxed to GRIMMETT would leave him no choice but to sign said waiver.

WHEREFORE, Plaintiff, MICHEAL C. GRIMMETT, respectfully requests that this Honorable Court grant judgment in his favor against Defendants, UAW-GM LEGAL SERVICES PLANS, CAROL D. BIRNKRANT, DONALD F. DACE, and RICHELLE C. HALL, in the amount of $50,000.

## COUNT II – BREACH OF FIDUCIARY DUTY

33.     Plaintiff adopts and incorporates by reference paragraphs 1-32 as though fully set forth herein.

34.     BIRNKRANT and HALL, acting as GRIMMETT's legal representatives in his case against Hidden Hills, owed GRIMMETT a fiduciary duty to represent him "with undivided loyalty."

35.     BIRNKRANT and HALL breached this duty by negotiating against GRIMMETT for their own pecuniary and personal interests.

Received for Filing Oakland County Clerk 2013 JUL 25 PM 03:09

Received for Filing Oakland County Clerk 2013 JUL 25 PM 03:09

36.   BIRNKRANT and HALL, acting as GRIMMETT's legal representation in his case against Hidden Hills, and having an obvious position of influence over GRIMMETT, abused this position in order to coerce GRIMMETT into signing a waiver of liability.

37.   BIRNKRANT and HALL employed the help of DACE, an attorney working for THE PLAN in an effort to exert pressure on GRIMMETT to sign the waiver.

38.   DACE never provided legal representation to GRIMMETT, never advised GRIMMETT about his rights, and never explained the waiver to GRIMMETT.

39.   DACE, BIRNKRANT, and HALL, acting in concert together, individually and collectively coerced GRIMMETT to sign the waiver with full knowledge that the recited consideration contained therein were costs that should not have reasonably been taxed to GRIMMETT and were only taxed to GRIMMETT because of their own malpractice in failing to file any response to Hidden Hills' motion for costs, and failing to file their own motion for costs on behalf of GRIMMETT.

40.   As a result of THE PLAN's, BIRNKRANT's, DACE's, and HALL's breach of fiduciary duty, GRIMMETT has suffered irreparable injury including, but not limited to:

   a.   mental anguish, humiliation and emotional distress as a result of THE PLAN's, BIRNKRANT's, and HALL's willful, wanton, and malicious actions in coercing and intimidating GRIMMETT to sign a waiver of liability, with the intent and knowledge that by failing to file a response to Hidden Hills motion for costs, the oppressive costs taxed to GRIMMETT would leave him no choice but to sign said waiver.

{K0138308.1}                                          9

WHEREFORE, Plaintiff, MICHEAL C. GRIMMETT, respectfully requests that this Honorable Court grant judgment in his favor against Defendants, UAW-GM LEGAL SERVICES PLANS, CAROL D. BIRNKRANT, DONALD F. DACE, and RICHELLE C. HALL, in the amount of $50,000.

Respectfully submitted,

KAUFMAN, PAYTON & CHAPA

_____/s/ Donald L. Payton_____
DONALD L. PAYTON (P27388)
*Attorney for Plaintiff*
KAUFMAN, PAYTON & CHAPA
200 Kaufman Financial Center
30833 Northwestern Hwy.
Farmington Hills, MI 48334
DATE: July 25, 2013          (248) 626-5000/Fax: (248) 626-2843

## JURY DEMAND

NOW COMES the Plaintiff, MICHEAL C. GRIMMETT, by and through his attorneys, KAUFMAN, PAYTON & CHAPA P.C, by DONALD L. PAYTON, and herby makes demand for a trial by jury.

Respectfully submitted,

KAUFMAN, PAYTON & CHAPA

_____/s/ Donald L. Payton_____
DONALD L. PAYTON (P27388)
*Attorney for Plaintiff*
KAUFMAN, PAYTON & CHAPA
200 Kaufman Financial Center
30833 Northwestern Hwy.
Farmington Hills, MI 48334
DATE: July 25, 2013          (248) 626-5000/Fax: (248) 626-2843

Received for Filing Oakland County Clerk 2013 JUL 25 PM 03:09

{K0138308.1}          10